# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF SUSAN K. ARRINGTON, by Co-Personal Representatives SARA ARRINGTON LACAVA and MATTHEW ARRINGTON

        Plaintiff-Appellant,

v

COUNTY OF LAKE, PALOMA INDUSTRIES OF NAGOYA JAPAN, RHEEM MANUFACTURING, EMERSON ELECTRIC COMPANY, FISHER CONTROLS INTERNATIONAL, INC., GRUNDFOS PUMPS CORP, TJERNLUND PRODUCTS, INC., A O SMITH CORP, REGAL BELOIT ELECTRIC MOTORS, INC., MICHAEL ELLIS, STEPHEN R. BOEHRINGER, TRECHA BROTHERS SUPPLY COMPANY, INC., GAS & LUBE EQUIPMENT REPAIR, INC., RESIDENTIAL IMAGES, INC., FARM BUREAU INSURANCE COMPANY OF MICHIGAN, MICHAEL DEAN GREEN, GREEN CONSTRUCTION, CRYSTAL FLASH LIMITED PARTNERSHIP OF MICHIGAN,

        Defendants,

and

PHELPS PLUMBING & HEATING, INC., NO-CHE-MO, INC., HERBERT B. PHELPS, also known as BRADLEY PHELPS, DAVID A. SHARLOW and KEVIN G. ELLIOT,

        Defendants-Appellees.

UNPUBLISHED
July 20, 2017

No.  332523
Lake Circuit Court
LC No.  14-008636-NO

---

Before:  FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J., (*dissenting*).

While I agree, generally, with the analysis of the majority, I simply cannot agree that there is not a material question of fact regarding what type of work was completed in plaintiff's decedent's home in October of 2008. In fact the majority states, "It also appears from the record that a representative from Phelps Plumbing and Heating, Inc. visited plaintiff's decedent's home in October of 2008, apparently to perform additional work, but the specific nature of the work is unclear from the record." Although there was in invoice for this date, there is no information regarding what work was performed. Therefore, the granting of summary disposition was premature in the absence of any evidence regarding what worked was performed on that date.

If this work resulted in the installation of the defective flue, then this lawsuit was filed within the statute of limitations. There is simply no way to decide on the record below if this is when the defective flue was installed, so it may have been in October, 2008. If that is the case, plaintiff's decedent's expert opinion would make clear this case should go forward.

I would remand this case to have the trial court make a determination regarding what work took place in October, 2008.

/s/ Amy Ronayne Krause